STATE, JAMES McGOVERN, PROSECUTOR, v. CATHERINE CONNELL, ADMINISTRATRIX, &c.

1. The supplement to an act entitled "An act constituting courts for the trial of small causes," approved March 14th, 1879, (*Pamph. L., p.* 202,) applies only to judgments obtained after its passage.

2. An order for execution, made after its passage, upon a judgment more than six years old, according to the sixty-second section of the Justice's Court act (*Rev., p.* 551,) is not such a judgment as this supplement contemplates.

On *certiorari.*

McGovern v. Connell.

On the 13th day of December, 1871, Patrick Connell commenced an action against James McGovern and Michael McGovern, before Thomas Bennett, one of the justices of the peace of the county of Burlington. The summons was in debt and returnable on the 19th day of December, and was returned endorsed as follows : " Served Dec. 13th, 1871 by reading the contents to Michael McGovern and giving a copy ; James McGovern not found in the county." On said 19th day of December, the justice proceeded with the trial and rendered judgment for the plaintiff for $70.26, and $2.80 costs of suit.

Nothing further was done in the case until 1879, when, on the 3d day of November, 1879, the said justice issued a summons to show cause why an execution should not issue against the defendants. The plaintiff having died, the summons was issued in the name of Catherine Connell, administratrix of Patrick Connell, deceased. This summons was returnable on November 14th, 1879, and as appears by the return was served only on Michael McGovern, James McGovern not being found in the county.

On the 14th day of November, the justice did " order that execution to collect the said judgment, with costs and interest, do issue against the said defendants, James McGovern and Michael McGovern," &c. On the 18th of November, the constable returned the execution with the following endorsed thereon : " No goods or chattels whereon to levy and make the money. J. D. Mitchell, constable."

On the 9th day of January, 1880, Henry P. Parent, one of the constables of the county of Mercer, made affidavit before George O. Barber, one of the justices of the peace of the county of Mercer, to the handwriting of Thomas Bennett, the justice of the peace who issued the execution before mentioned, and the said George O. Barber endorsed on said execution the following : " Proof having been made before me of the handwriting of Thomas Bennett, Esq., justice of the peace who issued the within execution, I do hereby authorize Henry P. Parent, one of the constables of the county of Mercer, to make levy and sell of the goods and chattels of James McGovern,

one of the defendants named therein, as in other cases on execution issuing out of the court for the trial of small causes in this state."

This execution was issued and so endorsed by the said Barber under the act entitled "A supplement to an act entitled 'An act constituting courts for the trial of small causes,'" approved March 14th, 1879.

The question agreed upon between the parties to be submitted to the Supreme Court is, whether the act of March 14th, 1879, entitled "A supplement to an act entitled 'An act constituting courts for the trial of small causes,'" approved March 14th, 1879, applies to or affects judgments obtained before the passage of said act of 1879.

Argued at November Term, 1880, before Justices REED, PARKER and DIXON.

For the plaintiff in *certiorari*, *G. D. W. Vroom*.

For the defendant in *certiorari*, *G. S. Cannon*.

The opinion of the court was delivered by

DIXON, J.    The act under review provides that *when any judgment is obtained* in the court for the trial of small causes, and *execution shall issue* thereon and be returned unsatisfied, and if the person against whom such execution shall have been issued, shall reside in or be possessed of any goods and chattels in any other county of the state, then an *alias* or *pluries* execution may issue, directed to a constable of the latter county, and he, on having an authorization endorsed thereon by a justice of his county, may there execute the writ.

The construction contended for by the defendant in *certiorari*, and which embraces pre-existing judgments, rests upon the words "when any judgment is obtained." All the other phrases of the statute clearly apply to the future only. The most that can be said in favor of this construction is that the language used is indefinite as to time.    If it may mean

"when any judgment *has been* obtained," it may, at least as plainly, be understood to mean "when any judgment *shall be* obtained." For such language in a statute there is a long-established rule of interpretation.

"It is, in the general, true that no statute is to have a retrospect beyond the time of its commencement;" for the rule and law of parliament is, that *nova constitutio futuris formam debet imponere, non præteritis. Potter's Dwar. on Stat.* 162.

It is well settled that laws will be construed as prospective only, unless an opposite intention of the legislature appears clearly by the terms or by necessary implication. · *White* v. *Hunt,* 1 *Halst.* 415; *Deegan* v. *Morrow,* 2 *Vroom* 136; *Town of Belvidere* v. *Warren R. R. Co.,* 5 *Vroom* 193; *Baldwin* v. *Newark,* 9 *Vroom* 158.

This rule applies to all the facts or occurrences upon the existence of which the law is designed to be operative. Thus, in *United States* v. *Heth,* 3 *Cranch* 399, a statute enacted "that in lieu of the commissions heretofore allowed by law, there shall, from and after the 30th day of June next, be allowed to the collectors two and a half percentum upon all moneys which shall be collected and received by them, for and on account of the duties arising on goods imported into the United States." On behalf of the government, it was insisted that the act regulated commissions on all moneys collected after June 30th, no matter when the goods on which the duties arose, were imported. But the court, mainly under the influence of this rule, gave to all the terms of the statute a prospective operation, and held that it was designed to reach only such goods as should be imported after the day named.

So it is applicable likewise to remedial statutes, notwithstanding the other rule that such laws shall be liberally construed. Thus, an act passed in the Revision of 1874, (*Rev., p.* 671, § 14,) provided "that at any time before judgment on a lien claim," the lien claim might be amended; and this court decided that a claim filed before the passage of the act could not be amended under it. *Vreeland* v. *Bramhall,* 10 *Vroom* 1.

According to this rule, the expression in this statute "when

any judgment is obtained," must be regarded as meaning " when any 'judgment is *hereafter* obtained."

The defendant in *certiorari* further claims that the order of November 14th, 1879, is a new judgment, which brings the case within the act. But it is not a judgment; it is a mere order for execution, apparently made to comply with the sixty-second section of the Justice's Court act, (*Rev.*, *p.* 551,) the judgment being more than six years old. Whether a formal judgment obtained on *scire facias* to revive a judgment would authorize the issuing of execution into a foreign county, is a question not now presented.

The proceedings by which execution was sent into Mercer county must be set aside, with costs.